IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GAYE RAYNAE A.,[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 20-2021-JWL |
| ANDREW M. SAUL, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) evaluation of the state agency medical consultants' opinions, the court ORDERS that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

**I.      Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed an application for DIB on June 1, 2016.  (R. 11, 233). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  (Doc. 1).  Plaintiff claims the ALJ erred in assessing residual functional capacity (RFC) both with respect to her mental limitations and her physical limitations and erred in applying the three-phase analysis required at step four of the sequential evaluation process.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the

Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  Remand is necessary because the court finds error in the ALJ's RFC assessment.  On remand it will be necessary for the Commissioner, at least, to reassess RFC and reevaluate steps four and five of the sequential process.  Therefore, the court may not provide an advisory opinion regarding the other errors alleged by Plaintiff.  Plaintiff may make her other arguments to the Commissioner on remand.

**II.   Discussion**

Plaintiff acknowledges the ALJ accorded significant weight to the opinions of the state agency medical consultants, Dr. McCall, Dr. Griffith, Dr. Cross, and Dr. Richmond. (Pl. Br. 15).  She notes that the ALJ, however, limited her "to standing and/or walking 2 hours rather than the 6 opined by" the state agency consultants.  Id.  She points out the

ALJ "did not include Dr. McCall's opinions [Plaintiff] should avoid concentrated exposure to extreme heat, humidity, noise, fumes, odors, dusts, gases, poor ventilation, etc." (Pl. Br. 15). She argues,

> The ALJ did not explain why, having given Dr. McCall's opinions "significant" weight, he adopted some portions of the opinion but not others. SSR 96-8p requires the ALJ to explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.

Id. (citing Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007); Winfrey v. Chater, 92 F.3d 1017, 1025 (10th Cir. 1996); Grotendorst v. Astrue, 370 F. App'x 879, 883-84 (10th Cir. 2010)).

The Commissioner argues that, "to the extent the ALJ did not adopt portions of Dr. McCall's opinion the ALJ found that she was more limited than Dr. McCall opined (e.g., could only stand and walk two hours per workday, as opposed to the six hours Dr. McCall set forth) …, [Plaintiff's] argument falls flat." (Comm'r Br. 7-8). This is so, in the Commissioner's view, because it is not reversible error to temper a medical opinion to the benefit of a claimant, and because the ALJ accorded significant, not controlling, weight to Dr. McCall's opinion and was not required to adopt it in toto. Id. at 8.

In her Reply Brief, Plaintiff points out the Commissioner's argument ignores that the ALJ's decision did not temper, but omitted, Dr. McCall's limitation to "avoid concentrated exposure to extreme heat, humidity, noise, fumes, odors, dusts, gases, poor ventilation, etc." (Reply 5). She argues the ALJ did not explain why he did not adopt the portion of Dr. McCall's opinion which conflicts with the RFC assessed. Id.

5

### A. Standard for Explaining an Opinion's Impact on RFC

The Commissioner issued Social Security Ruling (SSR) 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2019). The ruling includes narrative discussion requirements for the RFC assessment. Id. at 149. The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the plaintiff can perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. Id. The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. Id. at 150.

### B. The ALJ's RFC Explanation

The ALJ found Plaintiff

> has the residual functional capacity to lift and carry up to ten pounds occasionally and lift or carry less than ten pounds frequently, stand and/or walk for two hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday. The claimant should be allowed to sit, stand or walk alternatively, provided that this person is off task less than 10% of the work period. The claimant should never climb ladders, ropes and scaffolds; and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant can frequently reach overhead, in all other directions, handle, finger and feel bilaterally. The claimant should never work at unprotected heights or with moving mechanical parts; and can occasionally work in vibration and extreme cold.

(R. 17).

>He discussed the state agency medical consultants' opinions:
>
>Regarding the medical opinions, the State [sic] agency medical consultants opined that the claimant could perform a range of light work with postural limitations (Exhibit B2A/B4A/B7F/B8F [(R. 122-32, 134, 444-47)]). These opinions were rendered after a review of the medical record and consistent with physical examinations and treatment as discussed herein. They are also consistent with the claimant's activities of daily living and testimony that she can walk 1 block before needs to rest [sic], drives, and goes to the store once a week. Therefore, I afford the opinion significant weight. However, based ongoing issues with chronic pain, I have reduced the claimant to 2 hours walking and standing and limited the claimant from all hazards due to her severe physical impairments.

Id. 19.

### C. Analysis

As Plaintiff's Brief suggests, Dr. McCall reviewed the evidence at the initial level and opined Plaintiff should avoid concentrated exposure to extreme cold, extreme heat, humidity, noise, vibration, hazards, and fumes, orders, dust, gasses, poor ventilation, etc. (R. 130). Dr. Griffith, on the other hand, the physician who reviewed the evidence at the reconsideration level, opined Plaintiff should avoid concentrated exposure only to extreme cold, vibration, and hazards. (R. 146-47). The ALJ did not distinguish between the opinions of Dr. McCall and Dr. Griffin. However, as Plaintiff argues, the opinions are materially different in that Dr. McCall opined Plaintiff should avoid concentrated exposure to extreme heat, humidity, noise, and fumes, orders, dust, gasses, poor ventilation, etc. in addition to the extreme cold, vibration, and hazards opined by Dr. Griffin and assessed by the ALJ. Dr. Griffin stated she had reviewed the entire file, she discussed the additional evidence submitted on reconsideration, and she concluded Plaintiff's "reported restrictions are not supported by the clinical evidence of her reported

7

capabilities. The [plaintiff] is capable of performing activities as outlined." (R. 148). Dr. Griffin explained that she opined environmental limitations because Plaintiff "reports cold makes her pain worse," id. at 147, but she did not explain why she did not adopt the same environmental limitations as Dr. McCall, who, notably, did not specifically explain her environmental limitations. Id. at 130.

The ALJ did not discuss this evidentiary ambiguity but accorded significant weight to the opinions of the state agency medical consultants as a unit. Id. at 19. Perhaps the ALJ did not notice this difference in the opinions because it was not discussed by Dr. Griffin in her reconsideration review. In any case, the failure to address this issue in the decision constitutes a failure to follow the applicable legal standard both to resolve ambiguities and material inconsistencies in the evidence and to explain why he did not adopt a medical opinion which conflicts with the RFC he assessed.

Remand is necessary to apply the standard properly.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated October 14, 2020, at Kansas City, Kansas.

*s:/ John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**